HARDY, Judge.
This is a suit by plaintiff, who claims damages in the sum of $50,000. allegedly resulting from injuries sustained as the result of the explosion of a bottle of Purex. The accident occurred in one of the branch stores of the Great Atlantic & Pacific Tea Company on 70th Street in the City of Shreveport at or about 1:00 P.M. on or about July 6, 1957. Named as defendants were the Purex Corporation, Ltd., a California corporation, the Great Atlantic & Pacific Tea Company, an Arizona corporation, and the latter’s insurer, Travelers Insurance Company. After hearing on an exception of no right and no cause of action plaintiff’s suit was dismissed as to the Purex Corporation, and judgment of dismissal was rendered on February 10th and read, signed and filed on February 11, 1958. Plaintiff’s action against the remaining parties was tried before a jury, which returned a verdict in favor of defendants rejecting plaintiff’s demands, and judgment in accordance with the said verdict was duly signed on July 2, 1958. Upon oral motion on behalf of plaintiff, orders of devolutive appeal were granted on January 21, 1959. Plaintiff filed a petition for an appeal on *313 February 25, 1959 and orders of devolutive appeal, without bond, were granted. Before this court motion to dismiss plaintiff’s appeal has been filed on behalf of Purex Corporation, Ltd. on the ground that more than one year had elapsed between the signing of formal judgment dismissing plaintiff’s suit against Purex Corporation on February 11, 1958 and the filing of petition and granting of order for an appeal from the judgment of July 2, 1958.
It is abundantly clear from the record before us that the motion to dismiss the appeal as to the Purex Corporation is well founded. However, we do not find it necessary to act upon this motion, inasmuch as plaintiff’s petition for appeal discloses the fact that such appeal was sought “ — from the final judgment rendered herein on the 2d day of July, 1958.” Definitive judgment dismissing plaintiff’s suit as to the Purex Corporation, as above noted, was signed on February 11, 1958, and the said defendant was no party to the judgment of July 2, 1958. It follows that there is no appeal before us as to the Purex Corporation and the appeal under consideration involves only the Great Atlantic & Pacific Tea Company and its insurer, Travelers Insurance Company, as defendants-appellees.
Proceeding to a consideration of the appeal on the merits, it is established that on or about July 6, 1957 plaintiff purchased a number of items of groceries and household supplies, among which was a quart bottle of Purex, a bleaching compound, at the A. & P. branch store on 70th Street in Shreveport. As plaintiff was standing at the check-out counter, while her purchases were being packaged, the bottle of Purex was negligently knocked from the counter by the 17 year-old package-boy employee of the store; the bottle fell to the floor on the side of the counter approximately a foot or more from plaintiff’s position and burst, or “exploded”. The facts as to what occurred subsequent to the explosion of the bottle of Purex are sharply in dispute. Plaintiff contends that the contents of the bottle were sprayed by the force of the explosion over the right side of her dress into her hair, and that some of the compound entered her right eye causing the alleged injury for which she claims damages in this action.
The check-out counter is nineteen inches wide and thirty-three inches high. The cashier-checker, Mrs. Wall, testified that she put the bottle of Purex in a four pound paper sack, twisting the sack about the neck of the bottle, and placed the package on the end of the counter. In packaging the other articles purchased by plaintiff, Willie Lewis, the package boy, knocked the bottle to the floor, where it burst or exploded. The testimony of plaintiff that the explosion scattered glass over the floor and propelled the liquid contents over her person, is squarely controverted by the testimony of Mrs. Wall and the package boy, both of whom testified that there was no scattering of glass, and the liquid contents were not sprayed nor scattered but “puddled” on the floor in a location immediately adjacent to the paper sack. Mrs. Wall testified that she made careful observation, perceived no evidence of any of the liquid having splattered over the plaintiff; that she questioned the plaintiff on two occasions as to whether any of the liquid had gotten on her and was answered in the negative. The Assistant Manager of the store, who was called to the scene, testified that he observed no evidence of the liquid on Mrs. Walker’s person. The package boy, whose carelessness had caused the accident, testified that he did not make any observation of plaintiff, but directed his activities to mopping up the spilled liquid. One fact is certainly established; that the plaintiff, Mrs. Walker, made no outcry nor any complaint of injury, although she contends that the liquid which had penetrated her right eye, immediately caused a severe burning sensation.
The testimony of plaintiff’s family physician shows that he was consulted some twelve days following the occurrence of the accident. This witness was very positive as to his diagnosis that plaintiff had *314 suffered a chemical bum in her right eye which had caused the development of a conjunctivitis which had become infected, but it is clear that this diagnosis, was substantially influenced by plaintiff’s history of the accident. This physician, after some treatment on several occasions, referred Mrs. Walker to Dr. Bryant, an eye specialist, who first examined plaintiff on July 24, 1957. This witness found an irritation of the right eye, which he, too, appears to have accepted as having been caused by a chemical substance, upon the basis of the history given by plaintiff.
It was conclusively established that plaintiff, at the time of the examinations by all of the medical witnesses, was suffering, and had been suffering for some time, from pterygium of both eyes, more pronounced in the right eye. It was also established by the testimony of the medical witnesses, including an expert eye specialist on behalf of defendants, that the affection of plaintiff’s eye was a form of conjunctivitis which could have resulted from any one of several different causes.
Our analysis of the medical testimony is that it fails to establish, with any reasonable certainty, a causal connection between the accident and alleged injury of July 6th and the affection of plaintiff’s right eye for which she first consulted a physician on July 18th.
We think it unnecessary to dwell at any great length, or in any detail, upon the purely factual issues which are involved in this suit. Our careful examination of the record not only fails to disclose even the slightest indication of manifest error in the finding of the jury but confirms the conclusion that plaintiff has completely failed to establish her claims by anything approaching the preponderance of evidence which is required in order to establish proof to a legal certainty.
It follows that the judgment appealed from should be, and, accordingly, it is, affirmed at appellant’s cost.